The first case for argument this morning is Wigginton v. Bank of America Corporation. Mr. Martin. May it please the Court, Counsel. I represent the Wiggintons, the appellants in this case. The Wiggintons received Social Security Disability Insurance benefits from the Social Security Administration. What were their disabilities? I do not know, Your Honor. I have not inquired because out of respect for their confidentiality. It is not in dispute in this case that they are disabled. I understand. I understand. They appealed the dismissal of their complaint alleging that they were illegally discriminated against in applying for a mortgage and in violation of the Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act. Each of these three claims requires that a plaintiff allege first that they are disabled, second that they were discriminated against because of their disability, and third that they were otherwise qualified for the benefit that they were seeking. Now, as I said previously, there is no dispute that the Wiggintons are disabled within the meaning of these statutes. However, the District Court erred in concluding that they had failed to allege that they were discriminated against because of their disability and that they had otherwise failed to allege that they were otherwise qualified for the mortgage that they were seeking. First, Bank of America's primary contention is that it was entitled and required to seek proof that their income would continue, their SSDI benefits would continue for three years. However, that was an error for at least three reasons. Even at that time, HUD informed Bank of America that proof of past receipt of benefits is proof of continuation of income. Notwithstanding that oral advice from HUD at that time, Bank of America continued to demand documentation that my clients had already provided, showing that they had been receiving SSDI benefits for many years. Well, it wasn't helped by the fact that other agencies had rules that, at least conceivably, they could hang their hat on, right? Yes, that is right. The FHA had a guideline in place at that time that suggested that banks processing loan applications from disabled applicants should seek documentation attesting to the three-year continuation of the receipt of those benefits. However, Bank of America cannot rely on that policy as a safe harbor for several reasons. First, it's facially discriminatory. It treats disabled loan applicants differently than non-disabled loan applicants for whom the bank does not require proof of a three-year continuation of income. Second, this policy formed, or Bank of America's implementation of this policy formed the basis of a Justice Department lawsuit in 2012, pursuant to which the bank agreed not to require this So the fact that there was a policy, a guideline from the FHA that suggested that the bank should require proof of a three-year continuation of income does not insulate their behavior. And a third reason for that is that whether or not the bank was in reasonable reliance on that guideline, which it contends, and which the district court found in its order on the motion to dismiss, is a factual question. Is there any allegation that the bank doesn't care about continuity of income for people who are not disabled? There is no express allegation, Your Honor. That is an allegation, a theory of discrimination. If you're alleging discrimination against the disabled, don't you have to allege and then prove a difference in treatment? Well that is at least impliedly alleged, Your Honor, here in this complaint. I don't think impliedly counts. It's either alleged or it's not. You probably saw the story in the Wall Street Journal last week that Ben Bernanke, the former chairman of the Fed, was unable to refinance his loan because he couldn't show continuity of income, since he had just changed jobs, right? Banks appear to be requiring proof of continuity for non-disabled people. I assume Bernanke is not disabled. Why, how is it discriminatory to do the same thing for disabled people? Well I think the theory of discrimination that is alleged expressly here, Your Honor, is that the bank refused for approximately seven weeks to accept valid proof of continuation of income, making it all but impossible for my clients to comply. That of course is not an allegation of discrimination. To say the bank made a mistake, maybe Bernanke thinks the bank made a mistake in his case too, but if the bank made a mistake, you don't have a discrimination claim. Well it's more than just a mistake, Your Honor. It's a mistake made pursuant to a policy. Yes, and then you have to show that there is not a similar policy with respect to non-disabled. Well I think that the faxes developed during discovery and before trial would show that, Your Honor. I think for purposes of meeting the Rule 8 notice pleading standard, that my clients have set forth a theory of discrimination that is sufficient to get them to a discovery stage to where they can develop those fax and develop the predicate fax that show how they were treated differently than non-disabled loan applicants. I think for meeting the Rule 8 standard here, it is sufficient to show that they alleged that the bank refused to accept valid proof of their income for seven weeks. So my clients did adequately allege, I believe, under Rule 8, the two elements that the district court found that they had failed to set forth in their complaint. First they showed that they have alleged that they were discriminated against because of their disability. As we've just discussed, they produced several categories of proof of continuation of income that the bank refused to accept for approximately seven weeks. And this shows, and with additional predicate fax would show at trial, that they were treated differently than non-disabled loan applicants. Second, they have adequately pled that they were otherwise qualified for the loan that they were seeking. They were not required to show documentation of a three-year continuance of their income contrary to the bank's assertion and the district court's reasoning in its motion to dismiss order. So they did show that they produced evidence or produced documentation of the continuation of income that was sufficient to meet the FHA guidelines in place at the time and the bank's own standards at the time. Second, the district court also found that they had not alleged that they were otherwise qualified for the loan because they had not completed repairs on the property as required by the conditions on the loan that was approved on August 21st, 2009. You're in your rebuttal time, you know. Well, I reserve the rest of my time for rebuttal. Thank you. Certainly, counsel. Mr. Roach. May it please the court, counsel, John Roach on behalf of Bank of America. Iqbal and Twombly are clear that when considering a complaint, the court must look at whether the allegations plausibly suggest an entitlement to relief and whether they are enough to raise a right to relief above the speculative level. In particular, if the allegations give rise to an obvious alternative explanation, then the complaint may stop short of the line between possibility and plausibility of entitlement to relief. And the reviewing court is to draw from its judicial experience and common sense. Here, appellees have alleged discrimination claims under the FHA, ADA, and Rehabilitation Act. Under each of those, they must allege that they were disabled, that they were discriminated against because of their disability, and that they were otherwise qualified for the benefit they seek. Appellees failed on two of these fronts. They failed to allege that they were otherwise qualified for the loan, and they also failed to plausibly allege that they were discriminated against because of their disability. An obvious alternative explanation is present here. Bank of America was following the FHA guidelines when it was requesting additional documentation from the appellees. The sole and real only basis for discrimination claimed here was Bank of America's request for a continuation of, or documents showing continuation of that disability income. As the district court properly found, there is nothing suggesting that there was any discriminatory intent or discrimination there. It was merely Bank of America following the FHA guidelines. The Fair Housing Administration promulgated guidance for lenders regarding the documentation of an applicant's income, including disability income. For non-wage income, for example, disability, the FHA provides that such income can be considered as effective when properly verified and documented by the lender. For government assistant programs, income received from government assistant programs is acceptable as long as the paying agency provides documentation indicating that the income is expected to continue for at least three years. As for Social Security benefits, the FHA guidelines make a distinction between age-based and disability benefits, and they provide that not all Social Security income is for retirement age recipients, therefore a documented continuation is required. Appellees in this case also filed a complaint with the U.S. Department of Housing and Urban Development. HUD determined that there was no reasonable cause to find any discrimination under the FHA here. They determined that the plausible explanation for Bank of America's request for this information, that it was merely following the FHA guidelines. There was also verbal guidance given during this loan process, and Bank of America subsequently did approve the loan, but HUD considered this as well and said, the fact that an FHA official later allowed the bank to count appellees' disability income as qualifying, in light of the receipt of such income for over three years, does not diminish the reasonableness of the bank's reliance upon FHA's guidance, particularly when, as here, the verbal guidance provided by HUD officials was not reflected in any FHA guidance. In their briefs, appellees rely on a mortgage letter 1215, however that letter was issued three years after the loan in this case was denied, and certainly Bank of America cannot be expected to have followed guidance that was not yet issued at that time. Appellees also rely on a settlement that Bank of America entered into. It's important to distinguish that settlement. It did not involve FHA loans, which as discussed, their guidance requires that there must be documented continuance of the disability payments for three years. Rather, Fannie Mae underwriting guidelines required lenders to verify the future continuation of disability income and Social Security income only if the benefits have a defined expiration date. Those guidelines go on to specifically instruct lenders that disability benefits do not have defined expiration dates, and thus a lender may conclude that the income is considered stable, predictable, and likely to continue, and it's not expected to request additional documentation from the borrowers. That is in stark contrast to the FHA guidelines that specifically required that the lenders obtain documentation regarding the continuation or the expected continuation of the disability benefits. Unless the panel has any questions for me, we would request that based on the foregoing and our arguments in our brief, that this court affirm the decision of the District Court. Thank you, Counsel. Thank you. Ms. Mallory. Good morning. May it please the Court, I'm Monica Mallory, Assistant United States Attorney. I represent the Department of Housing and Urban Development and the Federal Housing Administration in this case. We made several arguments in our response brief as to why the District Court did not abuse its discretion when it denied the plaintiffs a fourth opportunity to amend their complaint against the federal agencies. That is the issue that was raised by the appellant. None of our arguments were responded to by the plaintiffs in their reply brief, so I have nothing further to add. Absent any questions from the panel, we'll stand on our brief, ask that you affirm the District Court's decision with respect to the federal agencies. Thank you. Thank you, Counsel. Anything further, Mr. Martin? As you've just heard from the bank, the reasonableness of the reliance on the FHA guideline that was in place in 2009 is at issue, and I would submit that the reasonableness of reliance is a factual question that would require discovery to determine whether or not my clients were the first disabled loan applicants to complain about this policy, whether HUD had ever informed Bank of America on a prior occasion that their interpretation of the FHA guideline was incorrect and that proof or documentation of past receipt of SSDI benefits would constitute a showing that those benefits would continue. With that, I conclude and request that this Court reverse the District Court's dismissal of my client's complaint. Thank you. Thank you very much, Counsel. The case is taken under advisement.